# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-1446

_____

Robert Levy, D.M.D., LLC, on behalf of himself and all others similarly situated;
Vanessa N. Keller, D.M.D.; Trisha M. Young, D.M.D., P.C.; Rivka Goldenhersh,
D.M.D., LLC; Farhad Moshiri, D.M.D., M.S., P.C., doing business as Moshiri
Orthodontics; Mazyar Moshiri, D.M.D., M.S., P.C., doing business as Moshiri
Orthodontics

*Plaintiffs - Appellants*

v.

Hartford Casualty Insurance Company; Sentinel Insurance Company, LTD;
Hartford Financial Services Group, Inc.; Twin City Fire Insurance Company

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: January 12, 2022
Filed: July 7, 2022
[Unpublished]
_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Plaintiffs are Missouri dental and orthodontic practices. Following recommendations from the CDC, American Dental Association, and Missouri Dental Board, they limited their practice to emergency procedures during the first months of the COVID pandemic. Plaintiffs were insured under all-risk property policies issued by Hartford Casualty Insurance Co., which covered "direct physical loss of or physical damage to property." The policies included additional coverage for lost business income and extra expenses incurred as the result of direct physical loss of or damage to property. Notably, Plaintiffs did not allege that the virus was present on their premises. After Hartford denied their claims for lost business income and extra expense coverage, the practices brought a putative class action alleging breach of contract. The district court[1] granted Hartford's motion for judgment on the pleadings. Plaintiffs appealed.

This is one of a series of cases asking us to address whether COVID-related shutdowns are a "direct physical loss" of property. As we have stated on several occasions, "there must be some physicality to the loss or damage of property—*e.g.*, a physical alteration, physical contamination, or physical destruction." Planet Sub Holdings, Inc. v. State Auto Prop. & Cas. Ins. Co., Inc., No. 21-2199, 2022 WL 1951615, at *2 (8th Cir. June 6, 2022) (quoting Oral Surgeons P.C. v. Cincinnati Ins. Co., 2 F.4th 1141, 1144 (8th Cir. 2021)) (cleaned up) (applying Missouri law, which also governs the policies in this case). Plaintiffs limited their services as a precautionary measure, not because the virus was present on their premises. Since they have not alleged physicality, they were not entitled to coverage under the policy.[2] We affirm.

———————————————

<hr>

[1]The Honorable Stephen R. Clark, United States District Judge for the Eastern District of Missouri.

[2]Because coverage is not triggered, we do not address Hartford's argument that the policy's virus exclusion applies.